'Cunningham, Presiding Judge.
*203 Appellant brought his suit in the district court in ejectment. The defendant answered, claiming title to the land involved, under and by virtue of a tax or treasurer’s deed. Trial was had to the court without a jury. Judgment was rendered in favor of the defendant, appellee here. There appears from the brief to be no dispute concerning the facts involved. The appellant relies for a reversal upon three propositions, all going to the validity of the tax deed. We shall notice but one of the contentions upon which appellant relies, since in our view of the case a proper disposition of this proposition effectually and completely disposes of the appeal. The land here involved, and which the treasurer of the county attempted to convey by tax or treasurer’s deed to appellee, Hapney, was described' on the assessment roll for the year 1898 (it was sold for taxes for the year 1898 on December 11th, 1899) as follows: “S. W. quarter of See. 7, Town. 38, N. R. 11, E. N. M. M., containing 160 acres.”
In the tax deed to Hapney the treasurer described the land as: “The southwest % of section 7, township 38, range 11 east, of the New Mexico Principal Meridian, situated in the county of Costilla, State of Colorado.”
Following this description, the treasurer, in said deed, states that he exposed to. public sale “the real property above described, and again, further on in the said deed, the treasurer states that the said Hapney: “Having offered to pay the sum of $7.72 for the whole amount of taxes, interest and costs, then due and remaining unpaid on said property for the whole of the above described property * * * the said property was stricken oil to him at that price,” etc.
Prom which it 'would appear that the treasurer attempted to convey the full quarter section of land, or 160 acres, to Hapney.
*204 The abstract of assessment for tbe year 1898 described the land in the same manner that it was described in the assessment roll, denominating it as 160 acres. In the notice of sale (i. e., the tax sale) and the delinquent tax list for the year 1898, attached to the publisher’s affidavit, the land involved is described as follows: “SW. Qr. Sec. 7, Township 38, Range 11, 36 acres.”' The notice of sale and the delinquent tax list for the year 1898, which the county treasurer posted on the outer door of his office, according to the affidavit of the deputy 'treasurer, which was introduced in evidence, described the lands as “S. W. Qr. Sec. 7, Township 38, Range 11, 60 acres.” [The italics are ours.] It will be seen that there are three differing descriptions of the land in question running through the record, beginning with the assessment roll and ending with the deed. Once the land is described clearly as consisting of 160 acres. Inferentially it is so described in the deed. The published notice of sale describes it as thirty-six acres, according to the affidavit of the publisher, while the notice posted by the county treasurer describes the land as consisting of sixty acres. We are clearly of the opinion that this misdescription of the property is, under the statute then in force, fatal to the validity of the sale and to the deed issuing thereunder. The Session Laws of 1891, page 286, which will be found in Mills’ Annotated Statutes (Supplemental), Sec. 3882, requires that-:
“The county treasurer shall before the 20th day of August of each year make out a list of lands and town lots subject to sale, describing such lands and town lots as the same are described on the tax rolls.” [Our italics.]
This, it will be seen, the treasurer did not do, since the tax roll described the land as containing one hundred sixty acres instead of thirty-six acres, as the description *205 in the published list reads. This was clearly a substantial departure from the statutory requirement.
The judgment is reversed and the case remanded for further proceedings in harmony with the views herein expressed.

Reversed and Remanded.

King, J., dissents.